

FILED

FEB 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHARIF RANGREJ,

        Plaintiff - Appellant,

   v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

        Defendant - Appellee.

No. 13-35234

D.C. No. 1:11-cv-00483-MHW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Mikel H. Williams, Magistrate Judge, Presiding

Submitted January 15, 2015[**]

Before: THOMAS, Chief Judge, and D.W. NELSON and LEAVY, Circuit Judges.

   Sharif Rangrej appeals pro se the district court's judgment affirming the

Commissioner of Social Security's denial of Rangrej's application for

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

supplemental security income under Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rangrej contends that the administrative law judge ("ALJ") erred in finding that Rangrej's chronic back pain was not disabling. We reject this contention because, although the record supports the determination that Rangrej's chronic back pain caused him mild to moderate limitations, the record supports the determination that Rangrej's impairment did not disable him for purposes of entitlement to Social Security disability benefits. The ALJ reasonably concluded that Rangrej was not entirely credible; the ALJ reasonably credited the opinions of the consulting physicians that Rangrej's chronic back pain was not disabling; and the ALJ reasonably relied on vocational expert testimony that Rangrej could perform jobs in the national economy. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (the Commissioner's findings are upheld if supported by inferences reasonably drawn from the record).

Rangrej contends that the district court erred in denying his motion to augment the record with three additional items of medical evidence. Contrary to Rangrej's contention, there is no convincing record evidence that Rangrej submitted this additional evidence to the Appeals Council. Because the additional evidence was not submitted to the agency, the evidence must meet the good cause

and materiality requirements of 42 U.S.C. § 405(g). *See Mayes v. Massanari*, 276 F.3d 453, 462-63 (9th Cir. 2001). Rangrej's unsupported contention that his attorney presented the additional evidence to the agency does not establish good cause. Moreover, the additional evidence is cumulative of the medical evidence already considered by the agency. Accordingly, the district court properly denied Rangrej's motion to augment the record with the additional evidence.

**AFFIRMED.**

13-35234